FILED
MAR -9 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMARE EL BEY, )
)
      Plaintiff, )
)
v. ) Civil Action No.: 1:20-cv-00250 (UNA)
)
NATIONSTAR HECM ACQUISITION )
TRUST 2018-1, WILMINGTON )
SAVINGS FUND SOCIETY, FSB, )
)
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Washington, D.C., sues Nationstar HECM Acquisition Trust. It appears that both parties are involved in a landlord-tenant matter in the Superior Court of the District of Columbia, *see Nationstar HECM Acquisition v. All Occupants*, No. 2019 LTB 019658 (D.C. Super. Ct. filed Sept. 10, 2019). These proceedings apparently resulted in plaintiff's recent eviction from a property located in Washington D.C.

Plaintiff now seeks to challenge this eviction and alleges that it was improper because of various procedural and jurisdictional issues. He asks the court to "set aside [the] unconstitutional unlawful eviction." Federal district courts, however, lack jurisdiction to review or interfere with

judicial decisions by state and District of Columbia courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

Here, plaintiff's sole request for relief is for the reversal of the judgment of the Superior Court, which is untenable. The "*Rooker-Feldman*" bars district courts "from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). Plaintiff attempts to circumvent this issue by citing to a federal statute, namely, 28 U.S.C. § 1655. First, the court finds no applicability of this statute to plaintiff's instant claims. Second, even if plaintiff had stated a valid federal question, it could not proceed as pled, because it would be "inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision," *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir.1997) (citation and internal quotation marks omitted).

Therefore, this case is dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). An order consistent with this memorandum opinion is issued separately.

United States District Judge

Date: 5/6/20